# IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC.; AND
AUGUST ENTERTAINMENT, INC.,
Appellants,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 76591

**FILED**

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev. 604, 607-12, 427 P.3d 113, 118-21 (2018), this court held that tendering the superpriority portion of an HOA's lien cures the default as to that portion of the HOA's lien by operation of law and that an ensuing foreclosure sale does not extinguish a first deed of trust. After this court remanded a previous judgment in favor of appellant Premier One Holdings, the district court found that respondent's predecessor made a superpriority tender to Nevada Association Services before the HOA's foreclosure sale and, consistent with *Bank of America*, correctly ruled that respondent's deed of trust survived the foreclosure sale.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18623

Appellant August Entertainment contends that it purchased the property from Premier when the district court's 2015 judgment determining that the property was not encumbered by respondent's deed of trust was in full force and effect. And because respondent neither sought a stay of that judgment nor recorded a lis pendens when it appealed that judgment, August contends that this court's reversal of that judgment cannot operate to reattach respondent's deed of trust to the property. However, we agree with respondent that this argument was not raised in district court so as to preserve it for appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Although August argued in district court that the absence of a recorded lis pendens supported August's status as a bona fide purchaser, August did not clearly articulate its current position that respondent's failure to obtain a stay or record a lis pendens during the previous appeal should have prevented the district court on remand from considering the legal effect of the superpriority tender.

August also argues that respondent's deed of trust should be unenforceable against August as a matter of equity, but *Bank of America* forecloses that argument. 134 Nev. at 612, 427 P.3d at 121 (concluding that a purchaser's putative BFP status is irrelevant because a superpriority tender cures the default as to that portion of the HOA's lien as a matter of law and renders an ensuing foreclosure sale void as to that portion of the HOA's lien). For similar reasons, we are not persuaded by Premier's argument that the district court's purported violation of the mandate rule warrants reversal. Although this court directed the district court on remand to consider how the superpriority tender bore upon the equities, the district court in essence concluded that the tender had no bearing on the

equities, which was consistent with our subsequent decision in *Bank of America*. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                                  Silver


cc:    Hon. Linda Marie Bell, Chief Judge
       James A. Kohl, Settlement Judge
       Springel & Fink, LLP
       Morris Law Center
       Molof & Vohl
       Akerman LLP/Las Vegas
       Eighth District Court Clerk